LEMMON, Judge,
dissenting.
Since the board’s denial of plaintiff’s request for sabbatical leave was based solely on the scope and content of the proposed courses, the crucial issue is whether the requested leave qualified as one “for the purpose of professional or cultural improvement” within the contemplation of R.S. 17:1177. In my opinion the board’s denial, although motivated by the commendable objective of curbing abuses in sabbatical leaves, was so narrowly reasoned, shortsighted and arbitrary as to constitute an abuse of discretion.
Plaintiff, a 23-year old vocal music teacher with a masters degree in music education, desired to work toward a masters plus 30 degree in her chosen field. She was otherwise eligible for a sabbatical leave for professional improvement, and the board’s only objection was that the chosen courses *1380 would not be of primary or mutual benefit to her junior high school students in vocal music and general music classes.[1]
The board failed to consider the broadening effect of courses in music education which are oriented toward history and theory rather than toward current teaching methods. It is evident the chosen courses could only serve to make plaintiff a better informed (and thus logically an improved) music teacher, which should be the standard for determining professional improvement. Moreover, the board’s action squelched plaintiff and anyone else who might seek to use this legitimate method of improving qualifications for the secondary purpose of future advancement or future positions of increased or special responsibility, with the obvious (but indirect) result of bettering the overall school system.[2] Indeed, a primary purpose of granting teachers a right to a sabbatical leave is to encourage the individual teacher to improve his qualifications in his field, thus improving the system.
Significantly, plaintiff’s request did not fall in the category of any of the longstanding abuses, which were obviously attributable to lax administrative procedures. When this request is considered on its merits as an opportunity for this teacher to broaden herself in the field of music education so as to become a more knowledgeable teacher now and to improve her qualifications for future opportunities in this field in the public school system, the board’s denial was unreasonable and inconsistent with the purpose of the sabbatical leave statute. The judgment should be reversed.

. The chairman of the sabbatical leave committee testified the committee felt plaintiffs present education was “more than adequate to handle the teaching responsibilities she had”.
The board’s written denial stated the courses “do not appear to contribute substantially to the teacher’s ability to perform her present tasks nor do they offer the promise of the kind of growth needed for the future in her present assignment”. (Emphasis supplied)

. The sabbatical leave committee chairman conceded the selected courses would directly help someone who was a teacher at the board’s New Orleans Center for Creative Arts, a position to which plaintiff aspired and for which she had already applied.